Van Brunt, J.
[Indorsed the following memorandum on the papers.]—The eases of Real Estate Trust Co. v. Keatch (7 Hun, 254), and Church v. Maloy (9 Id. 148), expressly decide that the defendant is entitled to the relief which he claims by his answer in this action.
Judgment accordingly.
Subsequently the following opinion was written.
Yan Brunt, J.
Since making the memorandum upon the papers disposing of this case, I have received* *371 some points upon the part of the plaintiff, m which it is claimed that the defense raised by the defendants cannot be sustained because of the certificate given by him at the time of the assignment of the mortgage to the plaintiff, and also because the plaintiff had no knowledge that the money that he received came from the defendant.
The first ground of objection to the defense might well be urged, if the defendant was claiming a defense against the bond and mortgage as it existed in Mr. Burchell’s hands, but he admits the certificate to have then been entirely true, and barely claims that because of payments subsequent to the assignment made to the plaintiff, this credit must be allowed.
It is not any defense which he had against the bond and mortgage while in Burchill’s hands that the defendant seeks to avail himself of now, but one which has arisen since the plaintiff became the owner, or which arose at the time he became the owner, and therefore such defense is not at all in conflict with the certificate.
The next ground of objection is, that the plaintiff supposed that it was Burchill’s money he was receiving, and not the defendants, as a consideration for the extension of the time of payment of the mortgage. The plaintiff certainly had the appearance of being an intelligent man; a man of at least ordinary mental capacity. And how any person of ordinary intelligence could suppose that a mortgagee or an assignee of a mortgage could have sufficient interest in the getting an extension of the time of payment of a mortgage to pay over a thousand dollars for it, to the person to whom he was assigning it, I cannot comprehend. If there had been no question of an extension, if the $1,000 had not been paid for the consideration of such extension; but the plaintiff had bought the mortgage at a discount of $1,020'from Burchill, the holder, an entirely *372 different case would have been prescribed. But the evidence in this case shows, that the plaintiff paid Burchill the full amount of the mortgage, and then received the $1,020 for the extension. The plaintiff must have known, and did know, that this money was paid by the mortgagor to procure, this extension, as he was the only person who could possibly be interested in the procurement of such extension.
I do not think the objections- are well taken, and judgment must be rendered as stated in my original memorandum.